IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **SIXTO JOSE DIAZ YANEZ,** | § | |
|     **Petitioner,** | § | |
| | § | |
| v. | § | EP-26-CV-00486-DB |
| | § | |
| **PAMELA BONDI**, *Attorney General*, *et al.*, | § § | |
|     **Respondents.** | § § § | |

### **ORDER**

On this day, the Court considered the above-captioned case. On February 18, 2026, Petitioner Sixto Jose Diaz Yanez filed a "Verified Petition for Writ of Habeas Corpus," ECF No. 1. Petitioner is currently detained at the Camp East Montana Detention Facility in El Paso, Texas in the Western District of Texas. *Id.* at 3. He argues his detention is unlawful and asks the Court to order his release or a bond hearing. *Id.* at 13. On February 19, 2026, this Court ordered that Respondents shall not (1) remove or deport Petitioner from the United States, or (2) transfer Petitioner from any facility outside the boundaries of the El Paso Division of the Western District of Texas, until the Court orders otherwise or this case is closed. ECF No. 3 at 3.

Petitioner is a Venezuelan national who entered the United States in 2023. *Id.* at 4. On January 14, 2025, Petitioner was ordered removed. *Id.* However, Petitioner timely appealed, therefore the order of removal is not administratively final. *Id.* On January 28, 2026, Petitioner was arrested while attending a routine check-in with the Intensive Supervision Appearance Program ("ISAP") in Minnesota. *Id.* at 5. Petitioner asserts, among other things, that his detention violates his due process rights because he has a fundamental liberty interest in being free from

official restraint and he is being deprived of an individualized hearing to justify his detention. *Id.* at 8–10.

Petitioner's case, as alleged, is materially indistinguishable from other cases in which this Court has found procedural due process violations. *See Vieira v. De Anda-Ybarra*, No. EP-25-CV-00432-DB, 2025 WL 2937880 (W.D. Tex. Oct. 16, 2025) (holding that petitioner, who was re-detained after being released on his own recognizance, was entitled to an individualized hearing justifying his detention). The Court previously noted it appears from the writ that it should be granted. *See* ECF No. 3 at 2. Nonetheless, this Court afforded Respondents three days to respond as to why it should not be, and directed that in so doing, "Respondents should avoid boilerplate arguments this Court has already rejected in one of many immigration habeas cases to date. Absent any new authority, Respondents can safely assume the Court's position on the law has not changed and explain why the facts of Petitioner's case warrant a different outcome." *Id.*

Respondents filed their response on February 24, 2026, ECF No. 4. Therein, Respondents aver the Fifth Circuit's recent decision in *Buenrostro v. Bondi*, No. 25-20496, 2026 WL 323330, at *1 (5th Cir. Feb. 6, 2026) is dispositive in this case. ECF No. 4 at 1. Respondents reason "Petitioner's contention that detention should be governed by, 8 U.S.C. § 1226, that Petitioner is being unlawfully detained and deprived of a bond hearing, and that the detention violates the United States Constitution were rejected in *Buenrostro*." *Id.* at 4. This Court disagrees.

This Court acknowledges the Fifth Circuit's precedential decision in *Buenrostro-Mendez* held Respondents' statutory interpretation of Section 1225(b)'s mandatory detention provision is correct. However, *Buenrosto-Mendez* does not change this case's outcome on procedural due process grounds. In its original due process analysis, this Court accepted without deciding

2

Respondents' interpretation was true. *See, e.g., Zafra v. Noem*, No. EP-25-CV-00541-DB, 2025 WL 3239526 (W.D. Tex. Nov. 20, 2025). In accepting the interpretation as true at the outset, this Court already considered the posture Respondents have now definitively established in the Fifth Circuit. Without more, this Court will not deviate from its as-applied analysis in light of Petitioner's constitutional rights.

Among arguments this Court has already rejected,[1] Respondents argue that under the Supreme Court's decision in *Connecticut Department of Public Safety v. Doe*, 538 U.S. 1 (2003), procedural due process does not entitle Petitioner to a bond hearing to determine facts that are irrelevant to Section 1225(b). *Id.* at 6. However, this Court is not persuaded. Not only was the *Connecticut Department of Public Safety* decision issued in an entirely different context (a challenge to a sex offender registration statute), it in no way considered the notion that "[f]reedom from imprisonment lies at the heart of the liberty protected by the Due Process clause," and government detention violates that clause "unless it is ordered in a criminal proceeding with adequate procedural safeguards or a special justification outweighs the individual's liberty interest." *Zadvydas v. Davis*, 533 U.S. 678 (2001). While *Zadvydas* addresses detention specifically in the post-final order context, the Supreme Court left no doubt that generally civil immigration detention requires sufficient justification—namely ensuring appearance at future

---

[1] *See Zafra*, 2025 WL 3239526 (rejecting Respondents' argument that Petitioner is receiving or has received due process afforded through removal proceedings in immigration court); *Rodriguez v. Bondi*, No. EP-26-CV-00292 (W.D. Tex. Feb. 25, 2026) (rejecting Respondents' argument that, pursuant to the immigration entry fiction, petitioner is treated as though stopped at the border and entitled to only those rights afforded by statute); *Gavilanez Toaquiza v. Bondi*, No. EP-26-CV-00420 (W.D. Tex. March 4, 2026) (rejecting argument that *Denmore v. Kim*, 538 U.S. 510 (2003) represents a blanket rule that permits any form of detention of any noncitizen pursuant to any provision of law during removal proceedings).

immigration proceedings or preventing danger to the community. *Id.* at 690. The Court need not look any further to determine *Connecticut Department of Public Safety* does not save the day.

Accordingly, after careful consideration of the undisputed facts in this case as well as the legal conclusions made in *Vieira* and this Court's subsequent immigration habeas cases brought by petitioners subject to mandatory detention under the Government's new interpretation of 8 U.S.C. § 1225(b),[2] **IT IS HEREBY ORDERED** Petitioner's "Verified Petition for Writ of Habeas Corpus," ECF No. 1., is **GRANTED IN PART** on procedural due process grounds.

**IT IS FURTHER ORDERED** Respondents **SHALL** (1) provide Petitioner with a bond hearing before an immigration judge at which the government shall bear the burden of justifying, by clear and convincing evidence, the dangerousness or flight risk for Petitioner's continued detention; **OR** (2) release Petitioner from custody, under reasonable conditions of supervision, during the pendency of their removal proceedings **no later than March 9, 2026.**[3]

**IT IS FURTHER ORDERED** Respondents **SHALL FILE** an advisory either (1) informing the Court, in detail, of the reasons for the immigration judge's bond hearing decision

---

[2] This Court acknowledges the Fifth Circuit's precedential decision in *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. 2026) issued on February 6, 2026, determining Respondents' statutory interpretation of Section 1225(b)'s mandatory detention provision is correct. However, *Buenrosto-Mendez* does not change this case's outcome on procedural due process grounds. In its original due process analysis, this Court accepted without deciding Respondents' interpretation was true. *See, e.g., Zafra v. Noem*, No. EP-25-CV-00541-DB, 2025 WL 3239526 (W.D. Tex. Nov. 20, 2025) ("The parties argue about Respondents' novel interpretation regarding mandatory detention under Section 1225(b) and whether Petitioner falls within it. Even assuming without deciding Respondent's reading is correct, the Court will not address these arguments because the Court finds Petitioner is entitled to procedural due process in his as-applied challenge.").

[3] Respondents are forewarned that a proceeding where an immigration judge denies bond for lack of jurisdiction does not satisfy Respondents' obligation to provide a bond hearing in compliance with the instant Order. In such event, release from custody is *required*.

held in accordance with the preceding line order, or (2) informing the Court of Petitioner's release **no later than March 12, 2026.**

**IT IS FURTHER ORDERED** that in the event Petitioner is released from custody, Respondents **SHALL RETURN** all personal property in their custody to Petitioner upon release. Such property includes, but is not limited to, identification documents.

**IT IS FINALLY ORDERED** that, following Petitioner's bond hearing or release, the parties **SHALL CONFER** and **FILE** a notice informing the Court whether any matters remain to be resolved in this case **no later than March 16, 2026.**

**SIGNED** this **4th** day of **March 2026**.

_____
**THE HONORABLE DAVID BRIONES**
**SENIOR UNITED STATES DISTRICT JUDGE**